**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William B. RICHARDSON, Defendant–Appellant.**

**No. 89–1066.**

United States Court of Appeals, Tenth Circuit.

April 20, 1990.

---

Michael J. Norton, Acting U.S. Atty., and Gerald J. Rafferty, Asst. U.S. Atty., Denver, Colo., for plaintiff-appellee.

Jeffrey R. Edelman and Joseph Haughain of Jeffrey R. Edelman, P.C., Denver, Colo., for defendant-appellant.

Before HOLLOWAY, Chief Judge, BALDOCK, Circuit Judge, and BRIMMER, District Judge.*

BALDOCK, Circuit Judge.**

Defendant-appellant, William Richardson, pled guilty to conspiracy to pass counterfeit obligations with an intent to defraud the United States in violation of 18 U.S.C. § 371. The district court sentenced Richardson under the sentencing guidelines [1] to thirteen months imprisonment minus credit given him for 155 days he spent in federal custody pending the outcome of the charge. Richardson now appeals his sentence pursuant to 18 U.S.C. § 3742(a), asserting the district court erred in (1) failing to accept the adjusted offense level contained in the plea agreement, (2) adhering to the guideline range in view of the lighter sentences received by other individuals involved in the conspiracy, and (3) calculating the credit for time he spent in custody prior to sentencing. Reviewing the factual determinations of the district court under the clearly erroneous standard and giving due deference to the district court's application of the sentencing guidelines to the facts as required by § 3742(e), we affirm the conviction and sentence, but remand for a proper calculation of the credit due Richardson for time he spent in custody before commencement of his sentence.

I.

In the plea agreement, Richardson and the government stipulated that (a) under *Guidelines* § 2B5.1(a), the base of-

---

* Honorable Clarence A. Brimmer, Chief Judge, United States District Court for the District of Wyoming, sitting by designation.

** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.

App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument.

1. *See* United States Sentencing Comm'n *Guidelines Manual* (1989) [hereinafter *Guidelines*].

fense level for an offense involving counterfeit obligations was nine, (b) under *Guidelines* §§ 2B5.1(b)(1) & 2F1.1(b)(1), the base offense should be increased two levels because more than $5,001 but less than $10,000 was involved in the conspiracy, and (c) under *Guidelines* § 3E1.1(a), the base offense should be decreased two levels because Richardson assumed responsibility for his crime. Accordingly, Richardson and the government agreed that the adjusted offense level was nine. Coupled with a stipulated criminal history category of two for Richardson under *Guidelines* Ch. 4, the offense level of nine resulted in a guideline range under *Guidelines* Ch. 5, Pt. A of six to twelve months imprisonment. Based upon information contained in the presentence report, however, the district court concluded that under *Guidelines* § 3B1.1(c), two additional levels should be added to the offense level of nine because Richardson was a leader in the conspiracy. Thus, the guideline range increased to between ten and sixteen months imprisonment under *Guidelines* Ch. 5, Pt. A.

In *United States v. Rutter*, 897 F.2d 1558, 1564–1565 (10th Cir.1990), we recently addressed the issue of whether a district court must adhere to the stipulations in a plea agreement in imposing sentence under the guidelines. While recognizing that under *Guidelines* § 6B1.4, the parties may stipulate to facts and attendant guideline ranges, we held that the district court properly could decline to follow a sentence recommendation where the stipulated facts did not include all relevant conduct bearing upon the guideline range. *See Guidelines* § 6B1.4 ("The court is not bound by the stipulation, but may with the aid of the presentence report, determine the facts relevant to sentencing."); Fed.R.Crim.P. 11(e)(1)(B) (government may "make a recommendation for a particular sentence, with the understanding that such recommendation shall not be binding upon the court").

In this case, as in *Rutter*, the plea agreement acknowledged that the court retained the power to determine relevant facts and the stipulations were not binding. The stipulations are nonbinding because "at the time the district court accepts a plea agreement, all of the facts are not known to it; the presentence investigation and resulting report allow the court to exercise sentencing authority meaningfully in light of relevant facts." *Rutter*, 897 F.2d at 1564. The presentence report set forth a detailed factual account of the conspiracy which revealed that Richardson solicited numerous individuals to pass the counterfeit obligations for him. Although he described himself as a mere "mule," [2] Richardson did not contest the facts contained in the report, but rather admitted to the district court that the facts were not in dispute. Accordingly, the district court acted well within its authority in finding that Richardson was a leader of the conspiracy within the meaning of *Guidelines* § 3B1.1(c) and adding two levels to the stipulated offense level.

## II.

Richardson next contends the district court violated the law in not departing from the guideline range because other defendants involved in the conspiracy received relatively lighter sentences. *See* 18 U.S.C. § 3742(a)(1) (sentence "imposed in violation of law" appealable). Specifically, Richardson notes that the printer of the counterfeit obligations, James Iliff, was sentenced to six months work release, while another coconspirator, Ronald Elston, was sentenced to five years probation. According to the presentence report, however, Iliff was convicted and sentenced in the Idaho federal district court and Elston was not sentenced under the *Guidelines*. We are loathe to conclude the district court violated the law in imposing a sentence upon Richardson within the appropriate guideline range where the lighter sentences of his coconspirators either arise out of a different court or from different laws. *See United States v. Franz*, 886 F.2d 973,

2. A "mule" is a slang term defined as "a person paid to carry or tranport contraband." *Random*

*House Dictionary* 1261 (2d ed. unabr. 1987).

979 n. 7 (7th Cir.1989) (Congress did not intend every sentence that a defendant contended was "greater than necessary" to be appealable under § 3742(a)(1) as a violation of the law).

■ To the extent Richardson claims the district court abused its discretion in refusing to make a downward departure from the guidelines, we lack jurisdiction to consider this contention. Those circuits which have addressed the issue uniformly agree that a district court's refusal to depart from the guidelines is nonreviewable. *E.g., United States v. Wickstrom,* 893 F.2d 30, 33 (3d Cir.1989); *United States v. Tucker,* 892 F.2d 8, 11 (1st Cir.1989); *United States v. Franz,* 886 F.2d 973, 978–79 (7th Cir.1989); *United States v. Colon,* 884 F.2d 1550, 1554 (2d Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989); *United States v. Davis,* 878 F.2d 1299, 1300 (11th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 341, 107 L.Ed.2d 330 (1989). In 18 U.S.C. § 3742, Congress has specified four grounds on which a defendant may appeal a sentence. A sentence is appealable if it is (1) imposed in violation of law, (2) imposed as a result of an incorrect application of the guidelines, (3) imposed for an offense for which no guidelines exists and is plainly unreasonable or (4) greater than the sentence specified in the applicable guideline range. That a district court abused its discretion in failing to depart from the guidelines plainly is not a basis for appeal. Nothing in the wording of the statute or its legislative history suggests that "sentences within the Guidelines should be reviewed because of a claim that a particular sentence is draconian." *United States v. Guerrero,* 894 F.2d 261, 267 (7th Cir.1990) (sentence within the guideline range and not imposed in violation of law or as a result of an incorrect application of the guidelines should be affirmed).

### III.

■ Lastly, Richardson claims he is entitled to credit for time he spent in custody of between 211 and 239 days, as opposed to the 155 days the district court allowed him. Richardson was arrested by Denver police in early July 1988 and charged with possession of cocaine. The exact date of his arrest is uncertain. When the possession charge against Richardson was dropped on October 5, 1988, he was taken into federal custody on the counterfeiting conspiracy charge. Thus, the question is whether the district court erred in crediting Richardson with time held in custody only from October 5.

Calculation of credit for custody prior to sentencing is governed by 18 U.S.C. § 3585(b):

(b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

According to the indictment, the federal counterfeiting conspiracy to which Richardson pled guilty was ongoing as of June 23, 1988, at least a week before his state arrest for possession of cocaine. Under the plain language of § 3585(b)(2), therefore, Richardson is entitled to credit for the time he spent in state custody because he was arrested on the possession charge "after the commission of the offense [conspiracy to pass counterfeit obligations] for which the sentence was imposed." Consequently, we order a limited remand to the district court for the purpose of (1) determining exactly when in July, 1988, Richardson was placed in state custody and (2) crediting his federal sentence with the time spent in state custody consistent with § 3585.

AFFIRMED and REMANDED.