**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Richard WILSON, Defendant–Appellant.**

**No. 89–6583.**

United States Court of Appeals,
Sixth Circuit.

Argued July 31, 1990.

Decided Oct. 23, 1990.

**1116**

Joe B. Brown, U.S. Atty., Wendy Goggin, and Robert Washko (argued), Asst. U.S. Attys., Office of the U.S. Atty., Nashville, Tenn., for plaintiff-appellee.

Deborah S. Swettenam, Asst. Federal Public Defender (argued), Federal Public Defenders Office, Nashville, Tenn., for defendant-appellant.

Before KEITH and KRUPANSKY, Circuit Judges, and JORDAN, District Judge.[*]

KRUPANSKY, Circuit Judge.

Defendant-appellant Richard Wilson has appealed from the sentence imposed in a judgment entered by the United States District Court for the Middle District of Tennessee pursuant to a guilty plea for conspiring to obstruct, delay, or affect commerce by the robbery of money from a bank and the threat of physical violence in furtherance of that plan, in violation of 18 U.S.C. § 1951.[1]

Appellant organized a group of seven individuals, including himself, to commit a series of robberies involving the use of firearms provided by appellant in the Cookeville, Tennessee area. Appellant and two codefendants recruited four high school students by threatening to kill members of their families. During the month of August, 1988, appellant conspired with his codefendants to rob the Bank of Putnam County by forcing entry into the residence of Jack Ray, the chief executive officer of the bank, and, by threatening physical harm to him and/or his wife, inducing Ray to accompany the conspirators to the bank, where they would rob it of its funds. The first attempt was aborted when one of the students, Robert Jones, panicked and refused to enter the Ray residence. The second attempt failed when two of the other high school students reported the plot to authorities.

Appellant was arrested by state authorities on October 5, 1988, apparently in connection with various other robberies and remained in state custody through the date of his sentencing in the present case. Appellant was indicted December 15, 1988 on the instant federal offense. On that date, an arrest warrant was also issued which was signed and returned by the United States Marshal's Office on May 17, 1989. On December 16, 1988, a federal detainer was issued against the appellant. On May 15, 1989 and thereafter, when the appellant was required to appear before the federal court, the district court issued orders to the sheriff of Putnam County, Tennessee to produce the "prisoner ad prosequendum." Throughout the entire period from October 5, 1988 to appellant's sentencing in the instant case on November 29, 1989, appellant was in the custody of the Putnam County Sheriff pending disposition of various state criminal charges.

On November 29, 1989, Wilson pleaded guilty, pursuant to a plea agreement in

---

[*] The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

1.  (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires to do so, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more than $10,000 or imprisoned not more than twenty years, or both. 18 U.S.C. § 1951(a). Attempt and conspiracy are written into this section, and it was unnecessary to charge appellant with a separate crime of attempt or conspiracy.

which the government recommended that the sentence not exceed 96 months. Following a sentencing hearing, the district court fixed the offense level at 26, which included a four-level increase for being an organizer and leader of criminal activity involving five or more persons. The offense level was reduced two levels to 24 for acceptance of responsibility for the offense. The defendant's criminal history category was determined to be I, resulting in a guideline range of 51 to 63 months of incarceration. The court thereupon departed upward from the guidelines by imposing a sentence of 96 months. Appellant requested credit for time served as a result of his presentence state custody, but his request was denied by the trial court. Appellant filed a timely notice of appeal.

In support of its upward departure from the guidelines, the court concluded that appellant was the primary organizer and leader of a criminal activity which involved five or more participants, "the one with the greatest control, the ultimate decision maker"; that appellant had, by coercion and threats of physical violence against family members of four participating high school students, induced their involvement; that Wilson's criminal history category inadequately reflected the seriousness of his past criminal conduct; and that the conspiracy included a plan to abduct or physically restrain one or more persons.

On appeal, appellant has charged that the district court erred by unreasonably departing upward from the sentencing guidelines in the imposition of sentence and in failing to grant appellant credit for the time he was in state custody from October 5, 1988 until he entered upon service of his federal sentence in the instant case pursuant to 18 U.S.C. § 3585(b)(2).

Upon review of the record in its entirety, the briefs of the parties, and the arguments of counsel, the district court's upward departure from the guidelines is affirmed because the district court committed no factual or legal errors in the direction and degree of the departure. *See United States v. Rodriguez,* 882 F.2d 1059, 1067 (6th Cir.1989).

The statute addressing credit toward the service of a term of imprisonment provides:

> A defendant *shall* be given credit toward the service of a term of imprisonment for *any* time he has spent in official detention prior to the date the sentence commences—
>
> (2) as a result of *any* other charge for which the defendant was arrested *after* the commission of the offense for which the sentence was imposed
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b)(2) (emphasis added).

■■■ The interpretation of a statute is a question of law and is reviewed *de novo. Vause v. Capitol Poly Bag, Inc.,* 886 F.2d 794, 798 (6th Cir.1989). "The objective of statutory construction is to 'ascertain the intent of Congress.'" *Vause,* 886 F.2d at 798. "The starting point in determining legislative intent is the language of the statute itself." *Id. (citing Blum v. Stenson,* 465 U.S. 886, 896, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984); *Watt v. Alaska,* 451 U.S. 259, 265, 101 S.Ct. 1673, 1677, 68 L.Ed.2d 80 (1981)). Only when the intent of Congress is unclear, does the court turn to legislative history. *Id.* at 801. "It is an ancient rule of statutory construction that penal statutes should be strictly construed against the government ... and in favor of the persons on whom penalties are sought to be imposed." 3 N. Singer, Sutherland Stat. Const. § 59.03, at 11 (4th ed. 1984) (citing, *e.g., Busic v. United States,* 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980); *United States v. Cox,* 593 F.2d 46 (6th Cir.1979)).

Section 3585(b)(2) became effective for crimes committed on or after November 1, 1987, along with the balance of the Sentencing Reform Act of 1984, Pub.L. 98–473, tit. II, 98 Stat. 1976 (1984). Credit for presentencing custodial time served for crimes committed prior to November 1, 1987 was governed by former 18 U.S.C. § 3568 which read in pertinent part:

> The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offenses or acts for

which sentence was imposed. As used in this section, the term "offense" means any criminal offense ... which is in violation of an Act of Congress and is triable in any court established by Act of Congress.

18 U.S.C. § 3568 *repealed by* Sentencing Reform Act of 1984, Pub.L. 98–473, tit. II, § 203(a), 98 Stat. 1976, 1976 (1984). The language of the new statute is both broad and mandatory, rather than narrow and permissive, stating that a defendant *"shall be given credit"* for *"any* time he has spent in official detention ... as a result of *any* other charges."

Under former section 3568, the duty to credit presentencing custodial time served was delegated exclusively to the Attorney General. The language of the new statute, however, has deleted all reference to the Attorney General, reflecting a congressional intent to withdraw its theretofore delegation to the Attorney General to credit presentencing custodial time served pursuant to former 18 U.S.C. § 3568. It is also worthy of note that section 3585(b)(2) is incorporated into Chapter 227 of title 18 styled "Sentences" and is itself specifically styled "Calculation of a Term of Imprisonment," which delegates the authority to impose sentence upon the trial judge, which authority includes the duty to *calculate* and *credit* presentence custodial time in the determination of the sentence of a convicted offender at the time of sentencing.[2]

It is true that pursuant to former section 3568, some case law construing that old statute limited the credit of presentencing confinement to time served while in federal custody. *See, e.g., United States v. Garcia–Gutierrez,* 835 F.2d 585, 586 (5th Cir. 1988) (construing former section 3568);

*United States v. Blankenship,* 733 F.2d 433, 434 (6th Cir.1984) (same). Here again, however, the significant change in the language of newly enacted section 3585(b)(2) to read *"any* time ... spent ... as a result of *any other* charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed that has not been credited against another sentence" (emphasis added), discloses a congressional intent to credit both state and federal presentencing custodial time against a federal sentence.

The Tenth Circuit, in *United States v. Richardson,* 901 F.2d 867 (10th Cir.1990), applied the plain language of section 3585 literally. In that case, the defendant was arrested by Denver police in early July, 1988 (exact date unknown) and charged with possession of cocaine. *Id.* at 870. When the possession charge was dropped on October 5, 1988, he was taken into federal custody on counterfeiting conspiracy charges. *Id.* The Tenth Circuit concluded that the district court erred in failing to credit the defendant with time served prior to October 5. *Id.* After quoting section 3585(b), the court analyzed the facts of the case and reasoned that since the counterfeiting conspiracy had occurred prior to defendant's state custody and his time had not been credited to any other sentence, the case should be remanded to the district court with instructions to credit the federally imposed sentence with the total presentencing custodial time, both state and federal, from the date he was originally taken into custody. *Id.*

This Circuit adopts the *Richardson* analysis. Applied to the facts of this case, appellant's violation of 18 U.S.C. § 1951

---

**2.** This court finds the reasoning of the Eleventh Circuit in *United States v. Lucas,* 898 F.2d 1554 (11th Cir.1990) to be unpersuasive. First, it is unnecessary to address the legislative history where the language of the statute is clear and unambiguous. *Caminetti v. United States,* 242 U.S. 470, 486, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917); *Vause,* 886 F.2d at 801. Second, the language of the statute was obviously materially changed. The court must accordingly presume that the radical departure from the language of former § 3568 reflected a congressional intent

to rescind the authority of the Attorney General to credit presentencing custodial time. Finally, the Eleventh Circuit's observation that the Justice Department's failure to change its regulations subsequent to the enactment of section 3585 is of no consequence as those regulations refer to a broad delegation of the Attorney General's duties concerning prisons and prisoners and have historically refrained from addressing the issues joined by section 3585. *See* 28 C.F.R. §§ 0.96, 542.10–.16 (1989).

occurred prior to his being taken into state custody on October 5, 1988. On November 29, 1989, when the appellant was sentenced for the federal crime to which he pleaded guilty, he had not been credited with any of the time that he had served in state custody as a result of any state or federal offense.[3] Section 3585 mandates full credit for the total custodial presentence detention arising from both state or federal offenses so long as that time has not been credited to some other sentence *at the time federal sentence is imposed.*

■ In summary, this court concludes that a federal district court has the initial authority and duty to apply the mandate of 18 U.S.C. § 3585 at the time the court imposes sentence for a federal offense, and that credit for presentence custodial detention served includes time served as a result of a federal and/or state offense if such detention was imposed subsequent to the commission of the federal offense for which the defendant is being sentenced and as long as the time served has not been credited to any other sentence, state or federal, at the time sentence is imposed in the case immediately before the court.

Accordingly, for the reasons stated herein, the district court's judgment and sentence is AFFIRMED as to the upward departure from the guidelines. The case is REMANDED to the district court to resentence the appellant in a manner not inconsistent with the directions of this opinion.

---

**3.** At the time of sentencing, the appellant and state prosecutors had only a tentative agreement for resolving the state charges pending against appellant. Transcript of Sentencing Hearing, November 29, 1989, at 43–44.