**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Richard WILSON, Defendant–Appellant.**

No. 89–6583.

United States Court of Appeals, Sixth Circuit.

Argued July 31, 1990.

Decided July 1, 1993.

Wendy Goggin, Asst. U.S. Atty. (Briefed), Robert J. Washko, Asst. U.S. Atty. (Argued), Ernest W. Williams, U.S. Atty., Nashville, TN, Jennifer Levy, U.S. Dept. of Justice, Criminal Div., Washington, DC, for U.S.

Deborah S. Swettenam, Asst. Federal Public Defender (Argued & Briefed), Baden, PA, for defendant-appellant.

Before: KEITH, Circuit Judge; KRUPANSKY, Senior Circuit Judge; and JORDAN, District Judge.*

KRUPANSKY, Circuit Judge.

The defendant, Richard Wilson, pleaded guilty to conspiring to obstruct, delay, or affect commerce by the robbery of money from a bank and the threat of physical violence in furtherance of that plan in violation of 18 U.S.C. section 1951. This court affirmed the district court's enhancement of defendant's sentence for being an organizer and leader of criminal activity involving five or more persons, and remanded the case to the district court to resentence the defendant by applying the mandate of 18 U.S.C. section 3585, which requires that the defendant receive credit for presentence custodial detention. *United States v. Wilson*, 916 F.2d 1115 (6th Cir.1990).

On October 7, 1991, the Supreme Court granted certiorari to the Sixth Circuit "to decide whether the District Court calculates the presentence custodial credit at the time of sentencing or whether the Attorney General computes it after the defendant has begun to serve his sentence" pursuant to 18 U.S.C. section 3585(b). *United States v. Wilson*, —— U.S. ——, ——, 112 S.Ct. 1351, 1352, 117 L.Ed.2d 593 (1992). On April 2, 1992, the Court reversed this court's decision to remand the instant action to the district court to calculate the credit for presentence custodial detention concluding that section 3585(b) requires the Attorney General, rath-

er than the district court, to compute the amount of credit for presentence custodial detention after the defendant begins his federal sentence. *Id.* —— U.S. at ——, 112 S.Ct. at 1354. Thus, the Court remanded the instant action to this circuit for further proceedings in conformity with its opinion. *Id.* —— U.S. at ——, 112 S.Ct. at 1356.

Based upon the mandate of the Supreme Court, the district court's denial of defendant's request at the sentencing hearing for credit for time served during his presentence state custody was proper. The defendant may seek judicial review of the Attorney General's computation once he has exhausted all administrative remedies.

Accordingly, the disposition of the district court is hereby **AFFIRMED.** All other aspects of this court's original decision in the instant action remain in force.