5 F.3d 548
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Mario GARCIA-VARGAS, Defendant-Appellant.
 No. 92-2260.
 United States Court of Appeals, Tenth Circuit.
 Sept. 17, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 U.S. Customs officers arrested defendant Mario Garcia-Vargas as he attempted to enter the United States from Mexico with marijuana. Mr. Garcia pled guilty to importation of less than 50 kilograms of marijuana in violation of 21 U.S.C. 952(a), 960(a)(1) & (b)(4)(1988), and to possession with intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. 841(a)(1) & (b)(1)(D)(1988). He appeals the sentence imposed by the district court, arguing thata downward departure from the sentencing guidelines is justified. For the reasons stated below, we dismiss defendant's appeal for lack of jurisdiction.
 
 
 3
 Mr. Garcia's presentence report identified a guideline range of twenty-one to twenty-seven months imprisonment. The district court sentenced Mr. Garcia to twenty-one months imprisonment followed by three years of supervised release. Relying solely on U.S. v. Pena, 930 F.2d 1486 (10th Cir.1991), Mr. Garcia now argues, for the first time on appeal, that the mitigating circumstances particular to his situation justify a downward departure from the guidelines and that the district court erred in its failure to depart downward.[2]
 
 
 4
 A defendant's right to appeal a federally imposed sentence is governed by 18 U.S.C. 3742(a)(1988). United States v. Garcia, 919 F.2d 1478, 1479 (10th Cir.1990). Under section 3742(a), a sentence imposed within the applicable guideline range is not appealable unless imposed in violation of law or as a result of an incorrect application of the guidelines. 18 U.S.C. 3742(a)(1)-(2)(1988); Garcia, 919 F.2d at 1479 (citations omitted). This Circuit has held on numerous occasions that "we do not have jurisdiction to hear an appeal over the trial court's discretionary refusal to depart downward from the guidelines." United States v. Davis, 900 F.2d 1524, 1529-30 (10th Cir.), cert. denied, 111 S.Ct. 155 (1990); see also United States v. Soto, 918 F.2d 882, 883 (10th Cir.1990); United States v. Havens, 910 F.2d 703, 707 (10th Cir.1990); United States v. Lowden, 905 F.2d 1448, 1449 (10th Cir.1990); United States v. Richardson, 901 F.2d 867, 870 (10th Cir.1990).
 
 
 5
 Defendant does not argue that his sentence was imposed in violation of law or that the guidelines were incorrectly applied. On the contrary, he "concedes that he was sentenced within the appropriate guideline range." Aplt. Br. at 8. Rather, defendant argues that the district court should have departed downward, as in Pena, because of defendant's extraordinary familial circumstances and the aberrational nature of his conduct. Pena, 930 F.2d at 1494-95. The district court below, after receiving no evidence or oral argument justifying a downward departure for Mr. Garcia, sentenced Mr. Garcia to a term of imprisonment within the recommended guideline range. We have no jurisdiction over Mr. Garcia's claim that the district court erred in failing to grant a departure downward that Mr. Garcia did not even request.
 
 
 6
 Defendant's appeal is DISMISSED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 In his brief, Mr. Garcia's attorney references Anders v. California, 386 U.S. 738 (1967), contending that, apart from the argument relating to Pena, a review of the record and research of the law has revealed nothing that arguably supports Mr. Garcia's appeal. Nonetheless, we are required to examine the record to determine whether the appeal is in fact frivolous. Id. at 744. We have done so and have discerned no appealable issues