**Randy BROWN, Petitioner–Appellant,**

v.

**W.A. PERRILL, Warden, and
U.S. Bureau of Prisons,
Respondents–Appellees.**

No. 93–1381.

United States Court of Appeals,
Tenth Circuit.

July 15, 1994.

Randy Brown, pro se.

James R. Allison, Interim U.S. Atty., and Elizabeth J. Ruffing, Sp. Asst. U.S. Atty., Denver, CO, for respondents-appellees.

Before LOGAN, SETH, and BARRETT, Circuit Judges.

### OPINION ON REHEARING

On consideration of the petition for rehearing filed by Appellees in the above appeal, this court concludes as follows:

Appellees claim we erred by determining that Appellant Randy Brown was in federal custody for purposes of 18 U.S.C. § 3568 and by stating that the Attorney General was not permitted to administratively increase Appellant's sentence. While we will not disturb the holding of our prior decision filed in this matter, that decision is supplemented and clarified by the following analysis.

Petitioner was released from a California state prison on a writ of habeas corpus ad prosequendum and passed to federal custody to stand trial.

As to the custody versus loan issue, Appellees assert that Appellant was merely "on loan" from the state to federal authorities and that the state never relinquished custody of Appellant. *See Thomas v. Whalen,* 962 F.2d 358, 361 n. 3 (4th Cir.1992); *United States v. Welch,* 928 F.2d 915, 915–16 n. 2 (10th Cir.1991); *Hernandez v. United States Attorney General,* 689 F.2d 915, 918–19 (10th Cir.1982).

In *Hernandez,* a state prisoner was transferred pursuant to a writ of habeas corpus ad prosequendum to federal authorities for sentencing on his federal conviction for bank robbery. We there noted that such a transfer·was a matter of comity between the state and the federal government designed to accord Hernandez "expeditious administration of justice." *Hernandez,* 689 F.2d at 918. Furthermore, we held that the state had not relinquished exclusive custody of the petitioner and that he was merely "on loan" to the federal authorities for the limited purpose of sentencing him. *Hernandez,* 689 F.2d at 918.

Although the opinion in *Hernandez* is silent on this point, it appears that Hernandez was "on loan" under the writ for only the time necessary to sentence him. This short duration is typical of all the cases cited by Appellees and numerous other cases reviewed by this court. However, in the case presented herein Appellant was in federal prison pursuant to a writ for over a year and a half before he was released by the federal court on bond, and he was not even tried for his federal crimes for an additional seven months. Thus he was in federal control for over two years. Absent evidence to the contrary, we are unwilling to infer that a federal detention and control pursuant to a writ of habeas corpus ad prosequendum may last for such an extended period without the detention transmuting into custody.

We recognize that our holding is fact specific, and we are unwilling to announce a per se rule as to how long a state prisoner may be "on loan" to federal authorities without the authorities taking custody of the prisoner. Suffice it to say that absent a clear directive from the state authorities the nineteen-month detention by Appellees constitutes federal "custody" for purposes of § 3568.

■ Appellees also argue that Appellant could have made bond on his federal charge and been released back to the state correctional officials. In fact, Appellant did make bond several days after his state sentence terminated. From this Appellees deduce that Appellant was *not* truly "in custody" because he held the keys to his freedom from federal confinement. We find such an argument to be unpersuasive. As we have stated, the writ of habeas corpus ad prosequendum is a matter of comity. Moreover, a prisoner may not object to its use. *Hernandez,* 689 F.2d at 919. To permit prisoners to defeat the writ by posting bond would eviscerate the purpose and vitality of these writs, and undermine the state's power to transfer its prisoners under the writs. Thus, so long as the federal government properly holds a prisoner "on loan" pursuant to a writ the prisoner does not have the discretion to post bond in order to be sent back to the state prison and thereby obviate the writ. Stated

another way, if Appellees' argument were correct that Appellant could post bond *during* his detention, then he must have been in custody of the federal government because we have stated that he would not have been able to post bond to defeat the state's legitimate exercise of its power to "lend" him to Appellees.

Similarly, the fact that Appellant made bond *after* his state sentence ran does not support Appellees' position. Under Appellees' theory, a writ is essentially a contract between the state and federal authorities whereby the state permits the federal officials to detain its prisoner for a limited purpose. Even if Appellant were "on loan" for such a long period, the state's power to loan Appellant to Appellees ended when Appellant's state sentence terminated. Consequently, Appellees' detention of Appellant after his state sentence had run could not have been pursuant to the writ but rather necessarily was for the federal government's exclusive interest in maintaining pretrial custody of Appellant.

We therefore reaffirm our holding that Appellant was in the federal custody of Appellees for approximately nineteen months, and his failure to post bond at any earlier date in no way eliminates the custodial nature of his federal detention.

■ Lastly, Appellees attack our conclusion that the Bureau was not permitted to increase Appellant's sentence. Appellees cite *United States v. Wilson,* —— U.S. ——, 112 S.Ct. 1351, 117 L.Ed.2d 593, for the correct proposition that the Attorney General, not the district court, is empowered to calculate § 3568 credits after the prisoner begins to serve his sentence. Thereafter, courts are permitted to review the correctness of such a calculation. *Wilson,* —— U.S. at ——, 112 S.Ct. at 1352–1355. However, we are concerned here not with the granting of a credit but rather with an increase in the term by a withdrawal of a credit. While it is true that § 3568 authorizes the Attorney General to "calculate" and "grant" the appropriate credit, the statute does not permit the Attorney General to unilaterally eliminate the credit by administrative action and increase a term once it has been provided

expressly by the sentencing court. If the Attorney General felt that its power had been improperly usurped by the trial court by the granting of the credit, then the requisite course of action was to appeal the decision, not simply alter the sentence in accord with the Attorney General's analysis of what was the correct sentence.

Accordingly, Appellees' petition for rehearing is granted, and by this order we affirm and supplement our prior opinion and decision.

IT IS SO ORDERED.