**UNITED STATES COURT OF APPEALS**
**Filed 9/26/96**
**TENTH CIRCUIT**

United States of America,

       Plaintiff - Appellee,

    v.

Luwayne Coy Tindall,

       Defendant - Appellant.

No. 96-8004
(D. Ct. No. 95CR 52J)
(D. Wyo.)

**ORDER AND JUDGMENT***

Before, TACHA, BALDOCK and BRISCOE, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

This appeal is from an order of the district court sentencing appellant to ninety-seven months imprisonment after appellant's plea of guilty to one count of Aggravated Sexual Abuse of a Child in violation of 18 U.S.C. §§ 2241 and 1153.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On appeal appellant objects to the length of the sentence imposed. Appellant's counsel has filed a brief and requested leave to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738 (1967).

A defendant's right to appeal a sentence imposed by a federal court is governed by 18 U.S.C. § 3742(a). Under that section, a sentence within the Sentencing Guidelines may not be appealed unless imposed in violation of law or as a result of an incorrect application of the Guidelines. 18 U.S.C. § 3742(a)(1)-(2); United States v. Havens, 910 F.2d 703, 706-07 (10th Cir. 1990), cert. denied, 498 U.S. 1030 (1991); United States v. Richardson, 901 F.2d 867, 870 (10th Cir. 1990); United States v. Davis, 900 F.2d 1524, 1530 (10th Cir. 1990), cert. denied, 498 U.S. 856 (1990).

In this case, appellant's sentence was not imposed in violation of law. The sentence was at the low end of the applicable sentencing range. Appellant's sentence also was not imposed as a result of an incorrect application of the guidelines. Appellant was given opportunity to object to the criminal history computation in appellant's presentence report, and the district court reduced the range within which appellant was to be sentenced. Appellant has pointed to no error in calculating the sentence imposed. As we have previously concluded, section 3742(a) does not allow an appeal "'because of a claim that a particular sentence is draconian.'" Richardson, 901 F.2d at 870 (quoting United States v.

Guerrero, 894 F.2d 261, 267 (7th Cir. 1990)).  We therefore dismiss the appeal for lack of jurisdiction.  See United States v. Garcia, 919 F.2d 1478, 1482 (10th Cir. 1990) (dismissing appeal of sentence within proper guideline range for lack of jurisdiction).

The mandate shall issue forthwith.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge