**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 24 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

THOMAS TIGHE,

      Petitioner-Appellee,

v.

J.W. BOOKER, Warden,

      Respondent-Appellant.

No. 97-1046
(D.C. No. 95-D-638)
(D. Colo.)

ORDER AND JUDGMENT*

Before TACHA, MCKAY, and BALDOCK, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Respondent appeals the district court's decision granting petitioner habeas corpus relief, see 28 U.S.C. § 2241, concluding that he was entitled to credit against his federal sentence for the time he spent awaiting the disposition of federal charges pending against him, while in federal custody pursuant to a writ of habeas corpus ad prosequendum. See 18 U.S.C. § 3568 (repealed, but applicable to offenses committed prior to November 1, 1987).[1] Upon de novo review, see United States v. Woods, 888 F.2d 653, 654 (10th Cir. 1989) (addressing 18 U.S.C. § 3585, which superseded § 3568), we affirm.

While serving a state sentence in Louisiana, state officials, on January 7, 1990, transferred petitioner to federal custody pursuant to a writ of habeas corpus ad prosequendum to face federal drug charges. He remained in the control of federal authorities for approximately thirty-one months, until he pled guilty and, on July 29, 1992, received a federal sentence of ten years' imprisonment to run concurrently with the state sentence. Petitioner was subsequently returned to state custody.

Section 3568 provided that "[t]he Attorney General shall give . . . credit toward service of [a] sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." In light of the length of petitioner's federal detention awaiting the disposition of the federal charges, the

---

[1]     Neither party disputes that § 3586 is the applicable statute.

district court did not err in determining that that time was time spent "in custody in connection" with those federal charges such that petitioner was entitled to credit for that period of time against his resulting federal sentence. See Brown v. Perrill, 21 F.3d 1008, 1009-10 (10th Cir.), opinion supplemented on reh'g, 28 F.3d 1073, 1074-75 (10th Cir. 1994). The fact that state authorities also credited that period of incarceration against his state sentence is of no moment in this case. See Brown, 21 F.3d at 1010. Respondent's further attempts to distinguish Brown are unpersuasive.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge

-3-