**UNITED STATES, Appellee,**

v.

**Private First Class Alvin B. ALDRIDGE, 261–73–8958, United States Army, Appellant.**

**CM 448332.**

U.S. Army Court of Military Review.

25 July 1986.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Eric T. Franzen, JAGC, Captain Lorraine Lee, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Denise K. Vowell, JAGC, Captain Robert R. Long, Jr., JAGC (on brief).

Before WATKINS, LYMBURNER, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

SMITH, Judge:

Citing *United States v. Davis*, 22 M.J. 557 (A.C.M.R.1986), appellant contends that he is entitled to sentence credit for time spent in pretrial custody at the instance of civilian authorities in connection with offenses related to those for which he was ultimately court-martialed. *See also United States v. Allen*, 17 M.J. 126 (C.M.A. 1984) (accused entitled to sentence credit for military pretrial confinement); *United States v. Huelskamp*, 21 M.J. 509 (A.C.M.R.1985) (accused entitled to sentence credit for civilian pretrial confinement "at the request of and solely to facilitate the administrative needs of military AWOL apprehension authorities").

At about 0415 hours, 7 August 1985, Patrolwoman Lawrence of the Hinesville Police Department, Hinesville, Georgia, noticed a military vehicle driving slowly through Hinesville. She stopped the vehicle and instructed appellant, who was driving, to step out and produce his identification. Appellant was arrested for driving while intoxicated. Shortly after the arrest a little girl (who appeared to the police officer to be 6 or 7 years old) exited the truck and stated that she and another girl had been "taken against their wills and raped." The other girl (age 14) was in the truck and intoxicated. A Private Jerry D. Grimes, Jr., was found asleep in the back of the truck and was also arrested.

Appellant and Private Grimes were placed in civilian jail in Liberty County, Georgia, on 7 August 1985 on charges involving kidnapping, rape, and child molestation. Appellant's commander was notified of his arrest, and members of his unit visited him periodically. All charges against appellant, except driving while intoxicated, were subsequently dropped, and he was released from confinement on 18 September 1985. Appellant was later convicted at court-martial, in accordance with his pleas of guilty, of carnal knowledge (involving the 14 year-old girl only) and wrongful appropriation of a military vehicle.

In *Davis*, 22 M.J. at 558, this Court held:

[A] soldier tried by court-martial must be given sentence credit for time spent in pretrial custody at *the instance of federal* civilian authorities in connection with the "offense or acts" for which a sentence to confinement by court-martial ultimately is imposed. (citation omitted) (emphasis added).

In this case, appellant was confined in a civilian jail prior to his court-martial. However, the confinement was neither directed nor requested by federal authorities, but rather by a separate sovereign entity with independent prosecutorial power and interests. Further, the charges to which he eventually plead at court-martial were of little or no interest to the State of Georgia.[1] Under these circumstances, appellant is not entitled to sentence credit.

We have also considered the other error raised by appellant and find it to be without merit. The findings of guilty and the sentence are affirmed.

Judge LYMBURNER concurs.

Senior Judge WATKINS took no part in the decision of this case.

---

1. Carnal knowledge under Georgia law contemplates sexual intercourse with a child under the age of 14. Ga.Code Ann. 16-6-3 (1981). The victim in this case was 14.