**UNITED STATES, Appellee,**

v.

**Sergeant Anthony B. DAVE, 282–60–6827, United States Army, Appellant.**

**ACMR 9000975.**

U.S. Army Court of Military Review.

4 Dec. 1990.

---

**6.** *United States v. Moreno,* 25 M.J. 523 (A.C.M.R. 1987).

For Appellant: Captain Timothy P. Riley, JAGC, Captain Jay S. Eiche, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC, Captain Kenneth H. Goetzke, Jr., JAGC (on brief).

Before De GIULIO, NAUGHTON and VARO, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Contrary to his pleas, appellant was found guilty by a general court-martial of two specifications of carnal knowledge and one specification of sodomy. He was sentenced to a dishonorable discharge, confinement for 36 months, forfeiture of $300.00 pay per month for 36 months, and reduction to Private E1. The convening authority approved the sentence.

While a friend was out of town for the weekend, appellant cared for her two children. One of the children was a 13–year-old female, L. On several occasions during the weekend, appellant had sexual relations with L. Although controverted, there is some evidence presented that the child may have been the aggressor in initiating this relationship.[1] Eventually, L told her mother of the incidents. Upon confrontation, appellant reported his "child molestation" to the local police who placed him in confinement pending a decision by the Army on whether to take jurisdiction of the case. After 24 days of confinement in the local jail and after military authorities decided to take the case, appellant was released.

The case had been submitted to this court on its merits. A footnote to the submission notes that neither the convening authority action nor the promulgating order credit appellant with the military judges' finding that appellant be credited with 24–days pretrial confinement.[2]

At the trial the following colloquy occurred:

MJ: Prior to going any further, I would like to clarify one matter, if I may. With regards to the charge sheet, section 1, blocks 8 and 9, it indicates no restraint of the accused. I've heard considerable testimony with regards to incarceration. Could you tell me the dates of incarceration. I assume it's Bell County?

DC: That's correct, Your Honor. Your Honor, I don't know the exact dates. We could determine that from calling the Bell County officials. We can give—

MJ: Well, wait just a moment. We know the date of his statement, true?

TC: The 22nd day of January, Your Honor.

MJ: Right. If that was given on the 22nd of January, does he know how many days he spent in confinement?

DC: The best he can approximate is 2 weeks.

TC: Sir, I think we can get it if—we've got a calendar here now.

---

1. The record of trial also contains love notes that she wrote to appellant.

2. This court specified the issue of whether appellant was entitled to credit for pretrial confinement in the state facility.

[Pause.]

ATC: We've got the exact number of days here, sir, that he spent in Bell County confinement.

TC: Your Honor, I believe it would have been 24 days that he would have been in civilian confinement.

DC: We have no problem with that, Your Honor.

MJ: Very well ...

It is unclear from this conversation whether the military judge intended to credit the accused with 24–days pretrial confinement or merely intended to consider appellant's incarceration as a factor in arriving at a sentence.[3]

In *United States v. Allen*, 17 M.J. 126 (C.M.A.1984), the United States Court of Military Appeals directed that credit for time spent in pretrial confinement be given against any sentence to confinement. In *United States v. Huelskamp*, 21 M.J. 509 (A.C.M.R.1985), this court held that a soldier was entitled to *Allen* credit for time spent in pretrial confinement in a civilian jail under the direction of military authorities. In *United States v. Davis*, 22 M.J. 557 (A.C.M.R.1986), this court held that *Allen* credit be applied for time spent in pretrial custody at the insistence of federal authorities in connection with the offense or act for which a sentence to confinement by court-marital ultimately was imposed. We find no logical reason not to apply these rules to the case before us.[4]

Therefore, we hold that a soldier tried by court-martial must be given sentence credit for time spent in pretrial custody by local civilian authorities in connection with the offense or acts solely for which a sentence to confinement by a court-martial is ultimately imposed. Consequently, appellant is entitled to 24–days credit against his sentence to confinement.

The findings of guilty and the sentence are affirmed. Appellant will be given 24–days credit against his sentence to confinement.

Judge NAUGHTON and Judge VARO concur.

---

3. Normally, credit for pretrial confinement is recorded and reported to the confinement facility by means of the Report of Result of Trial (DA Form 4430–R). However, as that form is not a required part of the record of trial, we have no way of knowing the outcome of the colloquy with the military judge.

4. We recognize that this court held in *United States v. Aldridge*, 22 M.J. 870 (A.C.M.R.1986),

that *Allen* credit should not be applied where confinement in a state facility was neither directed nor requested by federal authorities, but rather by a separate sovereign entity with independent prosecutorial power and interest. In *Aldridge*, the state retained one charge against appellant. In the case *sub judice*, appellant was tried by court-martial for all offenses.