OPINION OF THE COURT

**UNITED STATES, Appellee,**

v.

**Specialist Vincent M. McCULLOUGH, 249–59–8769, United States Army, Appellant.**

**ACMR 9003094.**

U.S. Army Court of Military Review.

7 June 1991.

For Appellant: Captain Alan M. Boyd, JAGC, Captain Tamela J. Armbruster, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Thomas E. Booth, JAGC, Major Paul E. Jordan, JAGC (on brief).

Before De GIULIO, NAUGHTON and VARO, Appellate Military Judges.

De GIULIO, Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of three specifications of larceny of an automobile and two specifications of absence without leave (AWOL) in violation of Articles 121 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 886 (1982), respectively. He was sentenced to a dishonorable discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to Private E1. Applying a pretrial agreement, the convening authority reduced the confinement to fifteen months but otherwise approved the sentence.

Before this court, appellant asserts that the military judge erred in denying him credit toward his sentence to confinement for the time spent in civilian pretrial confinement. We disagree and affirm.

In February 1990, a 1989 Ford Mustang was stolen from a used car lot in Killeen, Texas. In early March, in Columbia, South Carolina, SPC S was stopped by civilian police while driving the vehicle. He stated that appellant had loaned him the car and that he did not know it was stolen. Appellant was AWOL at the time. SPC S told the police where to find appellant. Consequently, appellant surrendered. After being properly advised of his rights, he admitted taking the vehicle and driving it to South Carolina. After appellant was released to military authorities at Fort Jackson, South Carolina, he stole a 1988 Ford Mustang from another soldier. Civilian police found the Mustang outside the appellant's family home. Appellant was arrested and returned to Fort Jackson. While again AWOL, on 24 August 1990, appellant was stopped by civilian police for driving a 1987 Suzuki Samurai without headlights. Appellant had stolen this vehicle from a car lot in Scranton, South Carolina. Appellant was arrested and placed in civilian jail for possession of the stolen car, driving without headlights, and driving with a suspended driver's license. Bail was ultimately set

for $2,000.00. The Army placed a military detainer on appellant. Local authorities agreed that the Army could try appellant for the larcenies of the three motor vehicles but refused to release appellant to the Army until after his local trial for driving without headlights and driving with a suspended license. On 27 September 1990, appellant was convicted in a local court for the traffic offenses. He was sentenced to a fine of $30.00 or ten days in jail but was credited with time served in satisfaction of his sentence. It is the civilian pretrial confinement from 24 August until 27 September 1990 that is the subject of appellant's assignment of error.

In *United States v. Allen,* 17 M.J. 126 (C.M.A.1984), the United States Court of Military Appeals directed that credit for time spent in pretrial confinement be given against any sentence to confinement. The so-called "Allen Credit" was applied to time spent in pretrial confinement in a civilian jail imposed under the direction of military authorities. *United States v. Huelskamp,* 21 M.J. 509 (A.C.M.R.1985). "Allen Credit" was applied for time spent in pretrial custody at the insistence of federal authorities in connection with an offense for which a sentence to confinement by court-martial was ultimately imposed. *United States v. Davis,* 22 M.J. 557 (A.C.M.R.1986). In *United States v. Dave,* 31 M.J. 940 (A.C.M.R.1990), this court held that "Allen Credit" must be given for time spent in local civilian pretrial custody in connection with the offense or acts *solely* for which a sentence to confinement by court-martial was ultimately imposed.

In the case before us, local authorities retained charges for trial in local court. Appellant was held in confinement by civilian authorities who refused to release him to the Army until after trial of offenses in local court. Indeed, appellant's sentence from the local court was satisfied by time served in confinement. Appellant was not in confinement in connection with offenses or acts *solely* for which a sentence to confinement by court-martial was ultimately imposed. Application of the rule in *Dave* does not entitle him to "Allen Credit."

The issues personally raised by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982) are without merit.

The findings of guilty and the sentence are affirmed.

Judge NAUGHTON and Judge VARO concur.