**136**

UNITED STATES, Appellee,

v.

Joel G. HENRY, Corporal U.S.
Marine Corps, Appellant.

No. 67,014.
NMCM 90 2224.

U.S. Court of Military Appeals.

Argued April 9, 1992.

Decided Sept. 14, 1992.

For Appellant: *Lieutenant Peter J. Van Hartesveldt,* JAGC, USNR (argued); *Major Joseph B. Gilbert,* USMC and *Lieutenant Michael C. Pallesen,* JAGC, USNR.

For Appellee: *Lieutenant Dwight N. Mersereau,* JAGC, USNR (argued); *Colonel T.G. Hess,* USMC (on brief); *Commander Thomas W. Osborne,* JAGC, USN.

*Opinion of the Court*

GIERKE, Judge:

Appellant was convicted, pursuant to his pleas, of multiple offenses, including robbery "committed with a firearm," in violation of Article 122, Uniform Code of Military Justice, 10 USC § 922. The court-martial composed of officer members sentenced appellant to a dishonorable discharge, confinement for 24 years, total forfeitures, and reduction to the lowest enlisted pay grade. The convening authority approved the sentence but suspended confinement in excess of 20 years for 3 years. The Court of Military Review affirmed the findings and sentence in an unpublished opinion dated July 24, 1991.

This Court granted review of the following specified issue:

WHEN AN ACCUSED IS CHARGED WITH ROBBERY BY FIREARM, WHAT MAXIMUM PUNISHMENT APPLIES IF THE FIREARM IS INOPERABLE?

The question in this case is whether the maximum punishment is that prescribed for robbery "committed with a firearm," punishable by confinement for up to 15 years, or "[o]ther cases," punishable by confinement for up to 10 years. Para. 47e(1) and (2), Part IV, Manual for Courts-Martial, United States, 1984.

Appellant pleaded guilty to robbery "with a firearm" (spec. of Ch. III) but told the military judge during the plea inquiry

that the firearm "was inoperable" because it did not have "a locking lug." Appellant now contends that his pleas of guilty to using a firearm were improvident because an inoperable weapon is not a "firearm."

Appellant argues that the test for determining what constitutes a "firearm" should be whether the weapon is actually capable of being used as a firearm. There is some authority and valid policy reasons supporting appellant's argument. Nevertheless, the majority of jurisdictions, including other Federal courts, permit increased punishment even in cases involving an inoperable or unloaded firearm because of the possibility of a violent response by potential victims or the police, as well as danger to innocent bystanders. *McLaughlin v. United States*, 476 U.S. 16, 17–18, (1986); *United States v. Smith*, 905 F.2d 1296 (9th Cir.1990); *United States v. Shelton*, 465 F.2d 361 (4th Cir.1972); *Baker v. United States*, 412 F.2d 1069, 1072 (5th Cir.1969), *cert. denied*, 396 U.S. 1018, (1970); United States Sentencing Commission, *Guidelines Manual* §§ 2B3.1(b)(2)(C) and 1B1.1, Application Note 1(e) at 55 and 12 (1991); W. LaFave and A. Scott, 2 *Substantive Criminal Law* § 8.11(f) at 456–57 (1986).

RCM 103(12), Manual, *supra*, defines a "firearm" as "any weapon which is designed to or may be readily converted to expel any projectile by the action of an explosive." This language is identical to the definition of a firearm in the federal criminal code and the federal sentencing guidelines. 18 USC § 232; United States Sentencing Commission, *Guidelines Manual* § 1B1.1, Application Note 1(e) at 12, earlier version *quoted at* 905 F.2d 1300.

■ By adopting the federal civilian definition of a "firearm" in RCM 103(12) and prescribing an increased maximum punishment for robbery "committed with a firearm," the President has applied prevailing federal sentencing criteria to courts-martial. Accordingly, we hold that the increased maximum sentence based on use of a firearm in a robbery applies in courts-martial whether the firearm is "loaded or operable." Drafters' Analysis to para. 47e, Manual, *supra* at A21–96.1 (Change 3).

■ Appellant argues that the definition of "firearm" in RCM 103(12) is not binding, citing *United States v. Mance*, 26 MJ 244 (CMA), *cert. denied*, 488 U.S. 942 (1988). We disagree with appellant's argument. *Mance* held that the President cannot change the nature of a substantive offense. It did not limit the President's authority under Article 56, UCMJ, 10 USC § 856, to prescribe maximum punishments.

■ In this case the weapon used by appellant was capable of being "readily converted to expel any projectile by the action of an explosive," simply by replacing the missing locking lug. Accordingly, we hold that appellant providently pleaded guilty to robbery "committed with a firearm" and that the enhanced punishment prescribed in the Manual for Courts–Martial for robbery with a firearm applies to appellant even though the firearm was not operable.

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and WISS concur.