**UNITED STATES**

v.

**Airman First Class Jeffrey A. LASTER, FR234–31–0054, United States Air Force.**

**ACM 30549 (Recon).**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 19 Feb. 1993.

Decided 6 April 1995.

Appellate Counsel for Appellant: Colonel Terry J. Woodhouse, Colonel Jay L. Cohen, Lieutenant Colonel Frank J. Spinner, and Major Ronald A. Gregory.

Appellate Counsel for the United States: Colonel Jeffrey T. Infelise, Colonel Thomas E. Schlegel, and Major Jules D. Silberberg.

Before SNYDER, PEARSON, and SCHREIER, Appellate Military Judges.

## OPINION OF THE COURT
## UPON RECONSIDERATION

SNYDER, Senior Judge:

In our original opinion, we modified the findings and affirmed the sentence (ACM 30549, 30 March 1995). Pursuant to Rule 7.1 of our Internal Rules, and upon the Court's own motion, that decision has been reconsidered. Accordingly, our earlier, unpublished opinion is hereby withdrawn.

Tried by general court-martial with members, Airman Laster (appellant) stands convicted, contrary to his pleas, of conspiracy to commit robbery and robbery. Articles 81 and 122, UCMJ, 10 U.S.C. §§ 881 and 922. He was sentenced to a bad-conduct discharge, confinement for 6 months, forfeiture of all pay and allowances, and reduction to E–1. The convening authority approved the sentence as adjudged. Appellant has submitted four assignments of error. We modify the findings but otherwise affirm.

## I. FACTUAL SUFFICIENCY OF EVIDENCE

### A. CONSPIRACY

■ We first consider appellant's assertion that the evidence is insufficient to support his conviction of conspiracy. We disagree.

■ Appellant does not specify whether he is attacking legal or factual sufficiency, or both, but the gist of his brief on this issue appears to address only factual sufficiency of the evidence. To find a conviction factually sufficient, we must determine that, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, we personally are convinced of the accused's guilt beyond a reasonable doubt. *United States v. Turner*, 25 M.J. 324 (C.M.A.1987).

At trial, the prosecution proved the conspiracy and robbery through the testimony of appellant's civilian co-conspirator, Jay Massett. Appellant now argues that Massett's testimony does not establish that he agreed or assented to commit robbery.

Massett testified he and appellant had spent the afternoon of 24 August 1992, together at a local river, drinking malt liquor, and they agreed to go to a club that evening. Their means of transportation was appellant's car, a white Chevrolet. Massett stated he talked about the robbery off and on with appellant, but not in detail and appellant made no comments. It is this part of the testimony which appellant focuses on to argue factual insufficiency. However, that was not the sum total of Massett's testimony.

In addition to testifying that he discussed the robbery with appellant, Massett stated that, prior to the robbery, he and appellant met a friend of Massett's from whom Massett obtained a 12–gauge shotgun and placed it in the back seat of appellant's car. He also had a pellet pistol replica of a .357 magnum caliber pistol in the waistband of his pants, of which appellant was fully aware. Neither he nor appellant had any money when they went to the convenience store, and appellant knew that he, Massett, did not have any money. Massett stated he told appellant he was going in the store to get some money, and appellant was to gas up and be ready to go when he returned. He left the shotgun in the car, but had the pellet pistol when he entered the store.

During his own testimony, appellant denied knowing anything about what Massett did while in the store, and that Massett only said he would pay for the gas. However, he admitted bypassing an available gas island for the pump he actually used. He also admitted that, at the pump island he passed up, there was another vehicle which would have been in front of him had he used it. Instead, appellant used a pump island which was empty and closest to the exit he eventually took. The store clerk, Mr. Gray, testified that after Massett fled the store, placed beer in the trunk of a white Chevrolet and got in, the driver of the car sped off squealing his tires, and drove against traffic in an oncoming lane in order to get around a concrete lane barrier and onto the proper lanes for the opposite direction.

To constitute a conspiracy, it is sufficient if:

> [T]he minds of the parties arrive at a common understanding to accomplish the object of the conspiracy, *and this may be shown by the conduct of the parties.*

MANUAL FOR COURTS-MARTIAL, UNITED STATES (MCM), Part IV, ¶ 5c(2) (1984) (emphasis added). All of the evidence leaves us convinced, beyond reasonable doubt, that appellant conspired with Massett to commit the offense of robbery. Article 66(c), UCMJ, 10 U.S.C. § 866(c). We now turn to the assertion that the evidence is insufficient to prove robbery, an assertion with which we agree.

## B. ROBBERY

■ The government charged appellant with robbery by means of force with a firearm. In view of appellant's culpability, if any, being premised on his status as a co-conspirator, we must look to Massett's actions to determine appellant's guilt. As mentioned above, Massett entered the store with the pellet pistol in his waistband. After obtaining three 12–packs of beer, he went to the counter. Mr. Gray's testimony describes the events from there.

> Well, [Massett] said that, "you don't know it, but you are being robbed" and I told him, "you're not going to rob me with a pellet gun" and he said, "you know I have a gauge [shotgun]" and I told him, "I don't see a gauge" and he says, "well, my friend in the car has it" … I told him I wasn't going to give him the money and he said, "well, I'm taking the beer and the gas and you are going to wait ten minutes to call the police and we're in a red celica and you're going to miss a few numbers on the license."

Mr. Gray then dialed 911, placed the phone on the counter and followed Massett out of the store where he watched him hurriedly put some of the beer in the trunk of appellant's car and drop some on the ground. He wrote down appellant's license plate number and returned to the phone and provided it to police. Appellant and Massett were stopped and arrested a few minutes later near Mather Air Force Base, California.

Appellant argues that the evidence clearly shows that Massett did not actually use force in his actions, and appellate government counsel concede factual insufficiency. We believe the concession is appropriate.

■ To prove robbery by force, the MCM requires that there be actual force or violence *to the person*, and the force or violence must overcome the resistance of the person robbed, or put the person in a position that no resistance is made. Fear on the part of the victim is immaterial. MCM, Part IV, ¶ 47c(2). One rule of thumb is that the "force and violence" connected with robbery means at least an assault and battery. *United States v. Chambers*, 12 M.J. 443 (C.M.A. 1982); *United States v. Calhoun*, 5

U.S.C.M.A. 428, 18 C.M.R. 52, 1955 WL 3281 (1955); *see United States v. Ramalho*, 3 C.M.R. 618, 621, 1952 WL 1999 (A.F.B.R. 1952).

Although the pellet pistol was plainly visible, as he intended it to be, Massett never drew or brandished it. This falls short of an actual application of force or violence to the person. Further, the "force" Massett used did not overcome Mr. Gray's resistance. Therefore, if Massett committed robbery, it must have been by placing Mr. Gray in fear.

The specification alleges only robbery by force, and this was the only theory instructed on by the military judge. No instruction was given on robbery by fear. In view of our disposition of the charge, we need not address the proposition in the parties' briefs that the failure to allege robbery by fear in the specification precludes a conviction on that basis. *See generally United States v. Reynolds*, 20 M.J. 118, 120 (C.M.A.1985); *United States v. Hamlin*, 33 C.M.R. 707, 710, 1963 WL 4946 (A.F.B.R.1963). We address robbery by fear because the manner in which this case was charged, and tried, reflects the need for a brief discussion.

■ Just as robbery by force and violence requires at least an assault and battery, we agree with appellate defense counsel that a robbery by placing the victim in fear requires at least an assault by attempt or offer. *Calhoun*, 5 U.S.C.M.A. 428, 18 C.M.R. 52; *see also* MCM, Part IV, ¶ 54(c)(1). Threatening words accompanied by a menacing act or gesture may combine for a demonstration of violence, thereby constituting an assault. *Id.*, ¶ 54(c)(1)(c)(ii). There still remains, however, the requirement of a reasonable apprehension of bodily harm.

■ Robbery by fear requires that the victim be placed in such fear that the victim is warranted in making no resistance. MCM, Part IV, ¶ 47c(3). The fear test is objective rather than subjective, meaning that there must have been reasonable cause to fear for one's safety. *United States v. Gill*, 41 C.M.R. 855, 858, 1969 WL 6430 (A.F.B.R.1969); *United States v. Reynolds*, 9 C.M.R. 772, 779–81, 1953 WL 2741 (A.F.B.R.

1953). The victim need not actually fear the robber as an individual, but the victim must still depart with property as a result of the situation created by the robber's menace. *See id.*

Applying these rules to the facts of the instant case, Massett tried his best to intimidate Mr. Gray and place him in fear by wearing the pellet pistol in plain view, telling Mr. Gray he was being robbed, and by referring to the shotgun in the car. At this juncture, there clearly were threatening words accompanied by a potentially menacing act. To Massett's chagrin, Mr. Gray was not intimidated. Further, Mr. Gray did not surrender any money, or the gas and beer, against his will as a result of Massett's unsuccessful efforts at placing him in fear.

Massett essentially stole beer and gas, not by force or violence or by fear, but by fleeing without paying. This is tantamount to the MCM's example of a thief snatching an item from the hand of another, which is not robbery. MCM, Part IV, ¶ 47(c)(2). Therefore, his efforts fell short of committing robbery, but we believe they more than suffice for the offense of attempted robbery.

### C. ATTEMPTED ROBBERY

█ With the agreement of the parties, the military judge did not instruct the members on attempts. Nonetheless, we do not believe that precludes this Court from applying Article 79 with regards to attempts. Articles 79 and 66(c), UCMJ, 10 U.S.C. §§ 879 and 866(c).

Although Massett's actions may not have constituted an attempt-type assault, we believe he crossed the Rubicon between mere preparation for robbery and an actual attempt. The evidence is compelling that Massett intended to commit robbery and that he committed overt acts which tended to bring about every element of that offense.

He entered a business establishment wearing a pellet pistol in plain view, told the clerk a robbery was in progress and, by implication, demanded money, and stole beer and gas. He and appellant should not be relieved of the consequences of their manifested intent merely because the targeted victim re-fused to yield. In view of this offense being committed as part of an ongoing conspiracy, appellant is equally guilty as a co-conspirator. MCM, Part IV, ¶ 5c(5). We will modify the findings as to Charge II to reflect an attempted robbery in violation of Article 80.

### II. MAXIMUM PUNISHMENT

█ The MCM mandates that, with certain exceptions, the maximum confinement for an attempt is the same as that for the offense attempted, except that the maximum period of confinement shall not exceed 20 years. *Id.*, Part IV, ¶ 4e.

Although not assigned as error, we note that the members were incorrectly instructed on the maximum punishment. This situation resulted from the robbery specification alleging robbery with a firearm, which mandates a maximum punishment of 15 years versus 10 years for other cases of robbery. MCM, Part IV, ¶ 47e.

Rule for Courts–Martial (R.C.M.) 103(12) defines "firearm" as "any weapon which is designed to or may be readily converted to expel any projectile by the action of an explosive." This definition is identical to the definition of a firearm under 18 U.S.C. § 232. *See United States v. Henry*, 35 M.J. 136, 137 (C.M.A.1992). The record reflects that Massett's pellet pistol operated via a carbon dioxide cylinder. We do not believe that expelling pellets via carbon dioxide is the action of an explosive. *See* R.C.M. 103(11) for definition of "explosive;" *see also Coalition of New Jersey Sportsmen v. Florio*, 744 F.Supp. 602 (D.N.J.1990). There is no evidence in the record which addresses whether the pellet pistol was readily convertible to expel a projectile via an explosive. Consequently, the record does not support appellant's exposure to the enhanced punishment for robbery with a firearm. *United States v. Smith*, 905 F.2d 1296, 1300 (9th Cir.1990) (although a dangerous weapon, pellet pistol not a firearm for sentence guideline purposes). The members should have been instructed that the maximum confinement was 10 years.

### III. SENTENCE REASSESSMENT

█ We conclude the five year difference between the maximum punishment instruct-

ed on and the proper maximum punishment did not prejudice appellant, for we are convinced the members sentenced appellant on the basis of the facts of the case and not on the label of robbery and its maximum punishment. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c). As a result, we are confident the members would not have sentenced appellant to a lesser sentence for the offenses of conspiracy to commit robbery and attempted robbery. *United States v. Peoples,* 29 M.J. 426 (C.M.A.1990); *United States v. Sales,* 22 M.J. 305 (C.M.A.1986). Consequently, we reassess the sentence in lieu of remanding for a rehearing on sentence only, and we reassess the sentence to that imposed at trial.

## IV. PRETRIAL CONFINEMENT CREDIT

■ Appellant also requests 8 days credit for the time he spent in civilian jail after his arrest. This matter was not raised with the military judge, and the charge sheet reflects no pretrial restraint. It was not until defense counsel submitted matters to the convening authority that he requested appellant be credited for this confinement.

As mentioned above, appellant was arrested by Folsom, California, police shortly after fleeing the convenience store. The Air Force played no part in his arrest or incarceration. Further, there is no indication in the record that the length of his confinement was caused or influenced by the Air Force. Appellant basically is claiming an *Allen* credit, *see United States v. Allen,* 17 M.J. 126 (C.M.A.1984), for pretrial confinement, regardless of its source or cause.

We decline the government's invitation to find waiver, as we are not aware of any precedent for applying waiver to a claim for *Allen* credit. Appellant cites only one Army case as authority for awarding *Allen* credit for civilian pretrial confinement. *United States v. Dave,* 31 M.J. 940 (A.C.M.R.1990). Our reading of *Dave,* however, convinces us it is limited to its unique facts, which specifically stated Dave was held by civilian authorities while the Army decided whether it wanted to take the case. In the instant case, there is no evidence of Air Force involvement in appellant's civilian confinement or its length. We find no basis for ordering an *Allen* credit.

## V. SENTENCE SEVERITY

Appellant also attacks his sentence as inappropriately severe. Our review of the record convinces us appellant's sentence is not inappropriate. *United States v. Snelling,* 14 M.J. 267 (C.M.A.1982); Article 66(c), UCMJ, 10 U.S.C. § 866(c).

## VI. DECRETAL

The findings on the specification and charge, Charge I, are approved. With regards to the specification and charge, Charge II, we approve findings of attempted robbery in violation of Article 80, UCMJ, 10 U.S.C. § 880. The findings, as modified, and the sentence, as reassessed, are approved and are hereby

AFFIRMED.

Judges PEARSON and SCHREIER concur.