UNITED STATES

v.

**Elijah B. CHANEY, Lance Corporal (E-3), U.S. Marine Corps.**

NMCM 99 01333.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 22 March 1999.

Decided 4 May 2000.

CDR Bruce H. Bokony, JAGC, USNR, Appellate Defense Counsel.

LCDR Linda J. Lofton, JAGC, USN, Appellate Defense Counsel.

LT James E. Grimes, JAGC, USNR, Appellate Government Counsel.

CAPT Daniel P. Fry, JAGC, USNR, Appellate Government Counsel.

Before DeCICCO, Chief Judge, TROIDL, Senior Judge, and ANDERSON, Appellate Military Judge.

TROIDL, Senior Judge:

On 22 March 1999, a military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of unauthorized absence terminated by apprehension, two specifications of violating a lawful general regulation by possessing drug paraphernalia, and 12 specifications related · to the wrongful use, possession, distribution, and introduction of controlled substances in violation of Articles 86, 92, and 112a, 10 U.S.C. §§ 886, 892, and 912a.[1] The military judge sentenced the appellant to a bad-conduct discharge, 100 days confinement, forfeiture of $600 pay per month for four months, and reduction to pay grade E–1. The convening authority disapproved the findings of guilty as to one of the specifications of using marijuana and approved the sentence as adjudged.

We have carefully reviewed the record of trial, the appellant's two assignments of error, and the Government's response. After taking the corrective action ordered by this decision, we conclude that the findings and sentence as approved below are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### Civilian Pretrial Confinement Credit

In his first assignment of error, the appellant asserts that both the military judge and convening authority incorrectly computed the amount of pretrial confinement credit that he was entitled to pursuant to *United States v. Allen*, 17 M.J. 126 (C.M.A.1984). Appellant's

---

1. The 12 specifications are broken-down as follows: use of marijuana (5); use of cocaine (1); use of ecstasy (1); possession of marijuana (1); possession of ecstasy (1); introduction of marijuana (1); introduction of ecstasy (1); and, distribution of marijuana (1).

Brief of 6 Mar 2000 at 2. He asks that we award him an additional 40 days credit. *Id.* at 4.

The appellant commenced a period of unauthorized absence on 1 December 1998. During his absence, he had a disagreement with a civilian, who then called the police to report the appellant's status and whereabouts. On 3 January 1999, the local police apprehended the appellant as an unauthorized absentee. Incident to the apprehension, the police searched the appellant's clothing and found marijuana in his coat pocket. The appellant was then jailed for both possession of marijuana and his military absence. Although the appellant was somewhat confused about the basis for his detention, he was certain that a civilian judge ultimately dismissed the marijuana possession charge and ordered his release from jail at a session of court held on 11 February 1999. He was transferred to military chasers on 12 February 1999 and was immediately placed in pretrial confinement.

The following colloquy occurred between the military judge and detailed defense counsel during the discussion of the appellant's pretrial confinement:

MJ: What's the position of both parties as to the confinement from the 3rd of January until the 12th of February? I mean, are you alleging that as pretrial confinement, Major [V]?

DC: No sir.

MJ: So, you think he was being held for purposes of the civilians for the marijuana?

DC: Yes, sir.

MJ: And he was not being held for the Marine Corps?

DC: That's correct, sir.

MJ: And once they decided to drop the charges, did they turn him over to the Marine Corps?

DC: It's my understanding, sir, yes, sir. Record at 25.

The military judge ruled that the appellant had been held on civilian charges from 3 January 1999 until 12 February 1999 and concluded that the appellant was entitled to 38 days of pretrial confinement credit for the period 12 February through 22 March 1999. Record at 27, 57. Both trial counsel and detailed defense counsel agreed with the military judge's computations. *Id. at* 57. Based upon a motion for appropriate relief, the military judge subsequently awarded the appellant an additional five days credit for illegal pretrial punishment due to the conditions of his confinement during his first five days in the brig.[2] *Id.* at 74–75.

The military judge's pretrial confinement credit computations were adopted and set forth in the Staff Judge Advocate's Recommendation [SJAR] of 21 June 1999. Detailed Defense Counsel was properly served with a copy of the SJAR on 23 June 1999 and responded that he did not have any comments or corrections to submit. The Convening Authority directed the 43 days credit in his action of 6 July 1999.

In *Allen,* our superior Court recognized that Department of Defense Directive 1325.4 (October 7, 1968) made Federal sentence computation procedures applicable to courts-martial and, based upon 18 U.S.C. § 3568, held that military accused were entitled to day-for-day sentence credit for military pretrial confinement. *Allen,* 17 M.J. at 128. As noted in *United States v. Murray,* 43 M.J. 507, 514 (A.F.Ct.Crim.App.1995), the successor Department of Defense Directive 1325.4 (May 19, 1988), which was in effect at the time of that appellant's trial, contains the same requirement with respect to sentence computation procedures.[3] The applicable procedures at the time of this appellant's trial are found in 18 U.S.C. § 3585(b),[4] which states:

---

2. The appellant did not provide the Government with any notice of his intent to raise this motion. When the military judge announced that he would conduct a post-trial Article 39a, UCMJ, session to allow the appellant to offer evidence in support of this motion, the Government elected to concede the additional five days credit rather than litigate the matter.

3. This version of the Directive was superseded by the most current version dated September 28, 1999. We note that the current version does not include this provision.

4. 18 U.S.C. § 3585 was part of the Sentencing Reform Act of 1984, Pub.L. 98–473, § 212(a)(2), 98 Stat. 2001. The Act also repealed 18 U.S.C. § 3568 at § 203(a), Pub.L. No. 98–473, 98 Stat. 1976.

**Credit for prior custody.** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

In *Murray,* the Air Force Court of Criminal Appeals considered the plain language of the statute and concluded that:

[A]s long as a federal prisoner has not already received credit for pretrial confinement against another sentence, he receives credit against his pending federal sentence. The statute does not discriminate based on the sovereign responsible for the pretrial confinement. Rather, it readily appears Congress intended this statute to cover state-imposed pretrial confinement. Otherwise, why use broad terms like "official detention" and "any other charge . . . after the commission of the offense," when Congress could have expressly narrowed the scope of the statute to federal custody? Moreover, we see the no-prior-credit proviso in the last line of the statute as including the scenario where a convict has committed crimes under both federal and state law. If a prisoner has been confined by the state after the commission of the offense, then he receives credit against his federal sentence—*unless* such custody already has been credited against a *state* sentence. The United States Sentencing Commission also shares this interpretation of the law. *See* U.S. Sentencing Comm. Notice of Proposed Amendments, 60 Fed. Reg. 2430, 2465 (1995).

More important, the United States courts have construed 18 U.S.C. § 3585(b) to require federal sentence credit for state pretrial confinement. Under a predecessor to 18 U.S.C. § 3585, some courts held sentence credit was limited to pretrial custody under federal authority. *See United States v. Garcia–Gutierrez,* 835 F.2d 585 (5th Cir.1988); *United States v. Blankenship,* 733 F.2d 433 (6th Cir.1984). However, the courts have construed the broader language of the current statute to require federal credit for state pretrial confinement. *United States v. Wilson,* 916 F.2d 1115, 1118 (6th Cir.1990), *rev'd on other grounds,* 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *United States v. Richardson,* 901 F.2d 867, 870 (10th Cir.1990). In *Wilson,* the Supreme Court held the Sixth Circuit erred in ruling that 18 U.S.C. § 3585(b) required the district courts to assess sentence credit instead of the Attorney General. However, the Court did not dispute the Sixth Circuit's construction of the statute to require federal sentence credit for state pretrial confinement. Indeed, the Court expressly conceded the new statute had broadened the effect of its predecessor in three ways, including enlarging the class of defendants entitled to credit. 503 U.S. at 335–338, 112 S.Ct. at 1355–1356.

*Murray,* 43 M.J. at 514–15 (footnote omitted). We agree with the Air Force court's holding.

In this case, the appellant was apprehended by civilian authorities on behalf of the military for a strictly military offense, thereby terminating his absence from the military. It was as a direct result of contraband being found in the appellant's possession at the time of apprehension that civilian charges were brought against him. He was placed in "official detention prior to the date [his court-martial] sentence commence[d] . . . as a result of the offense for which the sentence was imposed" [unauthorized absence] *and* due to another "charge for which [he] was arrested after the commission of the offense for which the sentence was imposed." The civilian charges were ultimately dismissed and the appellant's period of civilian pretrial confinement was not "credited against another sentence." Based upon these facts, we find that the appellant was entitled to pretrial confinement credit for the entire time he was confined prior to trial, a total of 78 days.

The Government, citing the colloquy between the military judge and detailed de-

fense counsel that appears earlier in this decision, would have us find that the appellant affirmatively waived this issue. Government Brief of 3 Apr. 2000 at 4. In the alternative, citing *United States v. Eggen*, 51 M.J. 159, 162 (1999), the Government would have us deny relief because any computation error was induced by the appellant. We decline to apply waiver in this case where both the military judge and detailed defense counsel were mistaken in their understanding of the law pertaining to civilian pretrial confinement credit. *See United States v. Laster*, 42 M.J. 538, 543 (A.F.Ct.Crim.App.1995)(declining to apply waiver to a question of the proper amount of *Allen* credit). Additionally, although detailed defense counsel contributed to the error by failing to recognize the credit to which his client was entitled, we do not find that the appellant created the error and are unable to perceive any conceivable reason for the appellant and his counsel to have invited this error. We will not refuse relief based upon the theory of induced error. Accordingly, we will provide relief in our decretal paragraph.

### Sentence Appropriateness

In a summary assignment of error, the appellant claims that a sentence that includes an unsuspended bad-conduct discharge is inappropriately severe. He points to his lack of prior convictions and the mitigating factors as presented at trial and in a post-trial clemency request. Appellant's Brief of 6 Mar. 2000 at 5. He asks that we set aside his punitive discharge. *Id.*

We find that the sentence is appropriate in all respects for these offenses and this offender. The offenses of which the appellant stands convicted are serious, numerous, and unquestionably warranted both the adjudged and approved punishment. We are confident that the military judge carefully considered the nature and seriousness of the offenses and the record and potential of the offender in determining an appropriate sentence. Granting sentencing relief on these facts would be to engage in clemency, which is within the sole purview of the convening authority. *United States v. Healy*, 26 M.J. 394, 395–6 (C.M.A.1988). The assignment of error is without merit.

### Conclusion

Accordingly, we affirm the findings as approved below. Recognizing that the appellant has already served the entire confinement portion of his sentence, thus awarding him the additional 40 days credit to which he was entitled would not provide him meaningful relief, we approve only so much of the sentence as provides for bad-conduct discharge, 60 days confinement, forfeiture of $600 pay per month for two months, and reduction to pay grade E–1.

Chief Judge DeCICCO and Judge ANDERSON concur.