# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES
### v.
## Sean M. TARDIF

### Food Service Specialist Third Class, U.S. Coast Guard
### CGCMG 1063
### Docket No. 1141
### 25 April 2001

General Court-Martial convened by Commander,
Eighth Coast Guard District. Tried at Clear Lake, Texas on 25-29 October 1999.

Military Judge: CAPT Robert Bruce,
USCG Trial Counsel: LCDR Thomas Marian,
USCG Assistant Trial Counsel: LTJG Michele A. Woodruff,
USCGR Detailed Defense Counsel LT Andrew House, JAGC, USNR

Appellate Defense Counsel: CDR Jeffrey C. Good,
USCG Appellate Government Counsel: CDR Chris P. Reilly, USCG

## BEFORE
## PANEL SIX
## BAUM, WESTON & CASSELS

Appellate Military Judges

CASSELS, Judge:

On 23 April 2001, we granted Appellant's motion for reconsideration of our decision of 26 March 2001 in order that we might determine whether Appellant is entitled to credit under *United States v. Alle*n, 17 M.J. 126 (1984) for twelve days of pretrial confinement by Texas authorities. In our earlier decision, we affirmed findings of guilty of two specifications of assault on a child under 16 years of age, set aside a finding of guilty of a twelve-day unauthorized absence while Appellant was confined by civilian authorities, and affirmed the approved sentence of a dishonorable discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to paygrade E-1. [1] On reconsideration, Appellant has asked this Court to order credit for the twelve days he was incarcerated by Texas authorities against his sentence of two years confinement.

The circumstances surrounding this twelve day period of confinement are not well delineated in the record of trial, but have been supplemented in Appellant's motion for reconsideration and the Government's reply brief. Appellant was arrested on 5 October 1998 by Texas authorities on a warrant alleging that he was suspected of injuring his child, and he was released on bail on 17 October 1998. The civilian allegation against him formed the basis for specification 5 of charge II, aggravated assault on 28 September 1998 upon his daughter. At his general court- martial in

October 1999, Appellant was convicted of assault and battery upon his daughter, a lesser included offense of the aggravated assault allegation. Appellant indicates in his brief that the Texas charge of injury to a child, upon which his arrest was based, was dismissed without prejudice by Texas authorities due to the Coast Guard's prosecution of him. Credit for this twelve day period of confinement was not requested or discussed at trial and was not assigned as error in Appellant's earlier brief to this Court. In our previous opinion, we did not address the issue now raised by Appellant, whether this twelve day period during which Appellant was confined by Texas authorities constitutes pretrial confinement for which Appellant is entitled to receive credit under *United States* v. *Allen, supra*. Appellant is confined at the U.S. Navy Brig in Charleston, South Carolina – a Department of Defense corrections facility. Appellant has not yet completed his approved sentence to confinement for two years, but is due to be released on 16 May 2001 based on regular and additional good time credit, according to the Government. Also, according to the Government, if we order credit for twelve days civilian confinement prior to 28 April 2001, Appellant will be released on 5 May 2001.

The basis for the Court's holding in *Allen*, requiring credit be given for pretrial confinement against a sentence to confinement, was Department of Defense (DoD) Directive 1325.4, Confinement of Military Prisoners and Administration of Correctional Programs and Facilities, dated 7 October 1968. That directive stated:

> Computation of Sentences. Procedures employed in the computation of sentences will be in conformity with those published by the Department of Justice, which govern the computation of sentences of federal prisoners and military prisoners under the jurisdiction of the Justice Department.

17 M.J. at 127. The procedures employed by the Department of Justice for computing sentences of federal prisoners, were, at that time, governed by 18 U.S.C. § 3568. That statute contained a provision addressing credit for pretrial confinement as follows:

> The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. As used in this section, the term "offense" means any criminal offense, other than an offense triable by court-martial …, which is in violation of an Act of Congress and is triable in any court established by Act of Congress.

In interpreting the DoD directive together with this portion of 18 U.S.C. § 3568, the Court of Military Appeals in *Allen* decided that, although Congress exempted the military from sentence computation provisions in 18 U.S.C. § 3568, the Secretary of Defense in the DoD directive had voluntarily adopted those provisions. Thus, our higher Court determined that military prisoners must be allowed credit toward the service of their sentence for any "days spent in custody in connection with the offense or acts for which sentence was imposed."

Subsequent to the *Allen* decision, both the DoD directive and the federal statute underpinning the *Allen* decision changed. The current version of DoD Instruction 1325.4, dated 28 September 1999, no longer includes the language quoted above regarding computation of sentences. However, another directive, DoD Instruction 1325.7, Administration of Military Correctional

Facilities and Clemency and Parole Authority, dated 17 December 1999, contains guidance similar to that relied upon in *Allen*:

> 6.3.1.5. Procedures used to compute sentences shall conform to those established by the Department of Justice for Federal prisoners unless they conflict with this Instruction, … or existing Service regulations.

Also, 18 U.S.C. § 3568, the federal statute relied upon in the *Allen* opinion as the basis for treating credit for pretrial confinement by the Department of Justice for federal prisoners, was repealed by the Comprehensive Crime Control Act of 1984, [2] and replaced with 18 U.S.C. § 3585, which mandates credit of pretrial confinement against sentences for federal prisoners as follows:

> (b) Credit for Prior Custody. --- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited agains t another sentence.

> The impact on military prisoners of the changes in the DoD directive and the federal statutory language controlling treatment of pretrial confinement credit was addressed in *United States v. Murray*, 43 M.J. 507 (A.F.Ct.Crim.App. 1995).[3] In *Murray*, the Air Force Court of Criminal Appeals held that a prisoner was entitled to day- for-day sentence credit for the 46 days spent in the custody of Florida authorities on a charge of rape, where he was later convicted at court- martial of that rape, among other charges, and sentenced to confinement. *Murray*, interpreting 18 U.S.C. § 3585(b), concluded that the statute enlarged the class of defendants entitled to sentencing credit, including defendants confined by state authorities: The meaning of 18 U.S.C. § 3585(b) is plain -- as long as a federal prisoner has not already received credit for pretrial confinement against another sentence, he receives credit against his pending federal sentence. The statute does not discriminate based on the sove reign responsible for the pretrial confinement. Rather, it readily appears Congress intended this statute to cover state- imposed pretrial confinement. Otherwise, why use broad terms like "official detention" and "any other charge ... after the commission of the offense," when Congress could have expressly narrowed the scope of the statute to federal custody? Moreover, we see the no-prior-credit proviso in the last line of the statute as including the scenario where a convict has committed crimes under both federal and state law. If a prisoner has been confined by the state after the commission of the offense, then he receives credit against his federal sentence – unless such custody already has been credited against a state sentence. The United States Sentencing Commission also shares this interpretation of the law. See U.S. Sentencing Comm. Notice of Proposed Amendments, 60 Fed. Reg. 2430, 2465 (1995).

> More important, the United States courts have construed 18 U.S.C. § 3585(b) to require federal sentence credit for state pretrial confinement. Under a predecessor

to 18 U.S.C. § 3585 [footnote omitted], some courts held sentence credit was limited to pretrial custody under federal authority. See *United States v. Garcia-Gutierrez*, 835 F.2d 585 (5th Cir. 1988); *United States v. Blankenship*, 733 F.2d 433 (6th Cir. 1984). However, the courts have construed the broader language of the current statute to require federal credit for state pretrial confinement. *United States v. Wilson*, 916 F.2d 1115, 1118 (6th Cir. 1990), *rev'd on other grounds*, 503 U.S. 329, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992); *United States v. Richardson*, 901 F.2d 867, 870 (10th Cir. 1990). In *Wilson*, the Supreme Court held the Sixth Circuit erred in ruling that 18 U.S.C. § 3585(b) required the district courts to assess sentence credit instead of the Attorney General. However, the Court did not dispute the Sixth Circuit's construction of the statute to require federal sentence credit for state pretrial confinement. Indeed, the Court expressly conceded the new statute had broadened the effect of its predecessor in three ways, including enlarging the class of defendants entitled to credit. 503 U.S. at 335-338; 112 S. Ct. at 1355-1356.

Therefore… if the appellant had been convicted and sentenced in United States District Court, the Attorney General would credit his sentence for the 46 days of state pretrial confinement. Department of Defense Directive 1325.4 requires the military to do the same. *Murray*, 43 M.J. at 514-15. The Navy-Marine Court of Criminal Appeals has also interpreted *Allen*, together with the pertinent DoD Instruction 4 and 18 U.S.C. § 3585, to mandate credit for pretrial confinement at the hands of state authorities. *United States v. Chaney*, 53 M.J. 621 (N.M.Ct. Crim.App. 2000)(accused granted sentence credit for 78-day period confined by local authorities for military absence and possession of drugs found during apprehension). In *Chaney*, the Navy-Marine Court of Criminal Appeals cited *Murray* with approval.

5 The Court of Appeals for the Armed Forces has not reexamined its opinion in *Allen* in light of the changes to the DOD directive and the federal statute on which it was based. However, in its 1997 summary disposition of an Air Force case, our higher Court cited the *Murray* decision among the bases for its decision to remand the case for application of the appropriate sentence credit for the confinement appellant served in a civilian facility. *United States v. Gazurian*, 1997 CCA LEXIS 144 (A.F.Ct.Crim.App. 1997), *remanded by* 46 M.J. 299 (1997) (summary disposition).5

We agree with the analysis in *Murray*, and hold that an accused must receive day-for- day sentence credit for pretrial confinement by civilian authorities for an "offense for which the sentence was imposed", where that pretrial confinement has not been credited against any other sentence.

This case does not present for our decision application of the second prong of 18 U.S.C. § 3585(b); i.e., detention "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." This provision arguably grants federal prisoners credit for pretrial official detention even if the detention bears no relationship to the offenses for which the prisoner was sentenced.

We order that Appellant receive credit for twelve days against the confinement portion of his sentence. We have reviewed the record again in accordance with Article 66, UCMJ, and, as modified by this order, reaffirm our earlier decision in this case.

Judge Weston concurs.

Chief Judge Baum concurs with the crediting of twelve days confinement by Texas authorities, but otherwise reaffirms his earlier opinion concurring in part and dissenting in part.

For the Court,

 //s//

James P. Magner

Clerk of the Court