# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, HAIGHT, and MAGGS[1]
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class HUGO ROSALESLEONOR**
**United States Army, Appellant**

ARMY 20140230

Headquarters, 1st Infantry Division and Fort Riley
Jeffery Nance, Military Judge
Colonel Criag E. Merutka, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major M. Patrick Gordon, JA (on brief).

For Appellee: Major A.G. Courie III, JA; Major John C. Choike, JA (on brief).

23 June 2015

----------------------------------
SUMMARY DISPOSITION
----------------------------------

MAGGS, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas of one specification of rape, one specification of forcible sodomy, one specification of assault consummated by a battery, and one specification of adultery, in violation of Articles 120, 125, 128, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 920, 925, 928, 934. Contrary to his pleas, the military judge also found appellant guilty of one specification of rape, one specification of aggravated sexual contact, one specification of forcible sodomy, and one specification of assault consummated by a battery, in violation of Articles 120, 125, UCMJ. The military judge sentenced appellant to a dishonorable discharge, confinement for 28 years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the adjudged sentence and credited appellant with 162 days of confinement toward his sentence. We affirm the findings and sentence but order the action to be corrected to indicate an additional 19 days of credit for pretrial confinement.

---

[1] Judge MAGGS took final action in this case while on active duty.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error that merits discussion and relief. Appellant personally raises several matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), none of which merit discussion or relief.

## BACKGROUND

The charge sheet in this case indicates that appellant's pretrial confinement began on 16 October 2013. The military judge used this date to calculate the number of days of pretrial confinement. On 27 March 2014, the last day of trial, the military judge said: "Counsel, based on the information on the charge sheet, the accused will be credited with 162 days of pretrial confinement credit. Is that the correct amount?" Both counsel agreed that it was the correct amount.

In reality, appellant spent more than 162 days in pretrial confinement in connection with the misconduct at issue in this case. The parties agree in their briefs on appeal that appellant was in civilian pretrial confinement for 19 days from 26 September 2013 until 15 October 2013 and that he was in military pretrial confinement for 162 days from 16 October 2013 until 27 March 2014. The parties and the military judge apparently overlooked the 19 days of the pretrial civilian confinement in calculating appellant's total period of pretrial confinement.

Although the charge sheet said the pretrial confinement began on 16 October 2013, the record of trial reveals that the military judge and counsel had information before them that appellant had been in civilian pretrial confinement prior to that date. For example, Detective RP of the Geary County Sheriff's Department testified that he arrested appellant on 26 September 2013 and that appellant was then held in the Geary County Detention Facility. Similarly, appellant's wife also testified that appellant had spoken to her several times from "the jail in Geary County."

## DISCUSSION

As his sole assignment of error, appellant argues, for the first time on appeal, that he should have received an additional 19 days of credit for his pretrial civilian confinement under *United States v. Allen*, 17 M.J. 126, 128 (C.M.A. 1984). *See also United States v. Dave*, 31 M.J. 940, 942 (A.C.M.R. 1990) (holding that *Allen* credit is available for civilian pretrial confinement). Appellee responds that appellant waived this claim for 19 additional days by not raising it at trial.

We believe that our superior court's decision in *United States v. King*, 58 M.J. 110 (C.A.A.F. 2003), controls the analysis of this issue. In *United States v. King*, the court held that "failure at trial to seek *Mason* credit for pretrial restriction tantamount to confinement will constitute waiver of that issue in the absence of plain error." *Id.* at 114. Although *United States v. King* concerned credit claimed

2

for pretrial restriction under *United States v. Mason*, 19 M.J. 274 (C.M.A. 1985), rather than credit claimed for pretrial confinement under *Allen*, we do not consider the distinction significant as *Mason* credit is merely an extension of *Allen* credit. *See King*, 58 M.J. at 113. Raising an *Allen* claim at trial is especially important when civilian pretrial confinement is involved because the details of that confinement otherwise may not be readily available to the military judge or to reviewing authorities. Accordingly, based on *King*, we conclude that failure at trial to seek *Allen* credit for pretrial civilian confinement will constitute waiver of that issue in the absence of plain error.[2] *See United States v. Weichal*, 1997 LEXIS CCA 542, at *4 (N-M. Ct. Crim. App. 1997) (holding that the appellant waived his claim to credit for 4 days of confinement by civilian authorities under Rule for Courts-Martial 905(e) because the appellant failed to raise the issue at trial); Michael L. Kanabrocki, *Revisiting United States v. Allen: Applying Civilian Pretrial Confinement Credit for Unrelated Offenses Against Court-Martial Sentences to Post-Trial Confinement Under 18 U.S.C. § 3585(b)(2)*, Army Law., Aug. 2008, at 1, 21 (concluding based on *King* that "trial defense counsel are required to file motions for appropriate relief seeking credit for pretrial confinement at trial, else the matter will be waived absent plain error").

As indicated above, appellant did not object to the military judge's calculation that he should receive 162 days of pretrial confinement. Accordingly, appellant waived his claim for additional credit in the absence of plain error. On the specific facts of this case, we conclude that overlooking the pretrial civilian confinement was plain error. As explained above, the record contained evidence that confinement began before 16 October 2013. The parties and the military judge should have made further inquiry before using that date to determine the total confinement credit.

**CONCLUSION**

The action is corrected to include 19 additional days of confinement credit. The findings and sentence are AFFIRMED.

---

[2] We recognize that some other cases have declined to find waiver of *Allen* credit. *See, e.g.*, *United States v. Yanger*, 68 M.J. 540, 541 (C.G. Ct. Crim. App. 2009) (rejecting the government's argument that appellant's "claim for [*Allen*] credit as waived by the failure to raise it at trial."); *United States v. Chaney*, 53 M.J. 621, 624 (N-M. Ct. Crim. App. 2000) (finding no waiver where "both the military judge and detailed defense counsel were mistaken in their understanding of the law pertaining to civilian pretrial confinement credit"); *United States v. Laster*, 42 M.J. 538, 543 (A.F. Ct. Crim. App. 1995) ("declin[ing] the government's invitation to find waiver, as we are not aware of any precedent for applying waiver to a claim for *Allen* credit.").

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4